IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD R. NEWSOME, § | | |
| TDCJ #437698, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-07-0508 |
| § | | |
| HARRIS COUNTY DIRECTOR, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**ORDER OF DISMISSAL**

State inmate Edward R. Newsome (TDCJ #437698) has filed a civil rights complaint under 42 U.S.C. § 1983. Newsome appears *pro se* and he seeks leave to proceed *in forma pauperis*. The complaint seeks monetary damages from the Director of the Harris County Jail, the Director of the Texas Department of Criminal Justice, and the Texas parole board for improprieties that allegedly occurred in connection with a felony conviction entered against him in 1986. Newsome also purports to sue his trial and appellate counsel, claiming that their ineffective assistance has resulted in his "false imprisonment." For unexplained reasons, Newsome seeks permission to certify a class action. After considering all of the pleadings, Newsome's litigation history, and the applicable law, Newsome's motion to proceed as a pauper is denied and this case is dismissed for the reasons set forth briefly below.

Newsome has a lengthy record of filing frivolous and malicious claims in this district, which has resulted in numerous dismissals. *See Newsome v. Lavine*, Civil Action No. H-98-

469 (S.D. Tex. April 6, 1998) (dismissing as frivolous and for failure to state a claim); *Newsome v. Westwood Fountainview Apartments*, Civil Action Nol H-98-559 (S.D. Tex. April 29, 1998) (dismissing as frivolous and for failure to state a claim); *Newsome v. Lavine*, Civil Action No. 98-1361 (S.D. Tex. May 18, 1998) (dismissing as malicious); *Newsome v. Westwood Fountainview Apartments*, Civil Action No. H-98-1647 (S.D. Tex. Oct. 20, 1998) (dismissing as malicious and warning Newsome against filing further frivolous actions); *Newsome v. Thomas*, Civil Action No. H-03-5196 (S.D. Tex. Nov. 21, 2003) (dismissing as frivolous and for failure to state a claim); *Newsome v. Mohammad*, Civil Action No. H-03-5585 (S.D. Tex. Dec. 15, 2003) (dismissing the case as frivolous); *Newsome v. Sutter*, Civil Action No. H-04-3596 (S.D. Tex. Nov. 26, 2004) (dismissing as frivolous and malicious). Because he has numerous strikes against him for filing baseless actions, other cases submitted by Newsome have been dismissed as barred by the Prison Litigation Reform Act, codified as amended at 28 U.S.C. § 1915(g). *See Newsome v. Mewis*, Civil Action No. H-02-1234 (S.D. Tex. April 11, 2002); *Newsome v. Cumming*, Civil Action No. H-02-1055 (S.D. Tex. April 2, 2002); *Newsome v. Director of Social Security*, Civil Action No. H-02-1340 (S.D. Tex. April 16, 2002).

Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). The pleadings in this

case do not show that Newsome is under imminent danger of serious physical injury and, therefore, summary dismissal is warranted under § 1915(g). Moreover, Newsome's suit for monetary damages from an allegedly unlawful conviction is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), as Newsome well knows. The present allegations repeat those filed by Newsome previously and rejected in another case. *See Newsome v. Harris County Jail Director*, Civil Action No. H-02-3192 (S.D. Tex. Sept. 19, 2002). This means that the pending complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) as both frivolous and malicious. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam).

Newsome was warned against filing further frivolous actions in 1998. *See Newsome v. Westwood Fountainview Apartments*, Civil Action No. H-98-1647 (S.D. Tex. Oct. 20, 1998). Newsome has repeatedly ignored that warning, leading other courts in this district to impose sanctions against him. *See Newsome v. Harris County Jail Director*, Civil Action No. H-02-3192 (S.D. Tex. Sept. 19, 2002) (imposing a $300.00 sanction against Newsome); *Newsome v. Thomas*, Civil Action No. H-03-5196 (S.D. Tex. Nov. 21, 2003) (imposing a $300.00 sanction against Newsome); *Newsome v. Mohammad*, Civil Action No. H-03-5585 (S.D. Tex. Dec. 15, 2003) (sanctioning Newsome $300.00 for his repeated abuse of judicial resources); *Newsome v. Sutter*, Civil Action No. H-04-3596 (S.D. Tex. Nov. 26, 2004) (imposing a $300.00 sanction against Newsome). In addition to these monetary penalties, Newsome has been barred from filing any other civil rights suits in this district since 2002, unless he first pays the entire filing fee and receives advance written permission from a

judicial officer. *See Newsome v. Harris County Jail Director*, Civil Action No. H-02-3192 (S.D. Tex. Sept. 19, 2002). More recently, another court in this district has entered a preclusion order against Newsome, directing the Clerk's Office to return "all mail" from Newsome marked "Frivolous Filer, Return to Sender." *Newsome v. Sutter*, Civil Action No. H-04-3596 (S.D. Tex. Nov. 26, 2004).

Newsome has not presented proof that the sanctions imposed against him have been satisfied. He has neither paid the filing fee in this case, nor presented written permission from a judicial officer to file this suit. To the extent that Newsome seeks permission to proceed with his claims, this Court will not grant such leave. Because Newsome has failed to comply with prior orders sanctioning his abusive litigation conduct, his present case must be dismissed. Alternatively, the complaint must be dismissed as frivolous and malicious for purposes of 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **DENIED**.

2. This case is **DISMISSED** as barred. Alternatively, the case is **DISMISSED** with prejudice as frivolous and malicious.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711,**

**Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on February 7, 2007.

*[signature]*
Nancy F. Atlas
United States District Judge